IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY JOE HENSON
ADC #77911                                                                                                    PLAINTIFF

V.                                         5:05CV00214 JLH/HDY

G. HARRIS, Warden, Varner Unit, Arkansas Department
of Correction; MINGO, Sgt., Varner Unit, Arkansas
Department of Correction; and J. BLANKENSHIP,
Disciplinary Hearing Officer, Arkansas Department of Correction             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a prisoner at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, alleging that he had been improperly convicted of a false disciplinary for a positive drug test for cocaine. By way of relief Plaintiff seeks monetary damages as well as "reversal and expunge[ment] of the conviction.

Plaintiff's original Complaint raised simply the issues related to his disciplinary conviction. Plaintiff then filed a Motion to Amend (docket entry #9) which was granted and appears in the docket as document number 16, "Amended Complaint." In this amendment, Plaintiff also raises allegations that Defendants Blankenship and Harris violated his procedural due process rights "by

refusing to consider the evidence Plaintiff presented in the disciplinary hearing [and] by reaching a decision contrary to the greater weight of the evidence." Plaintiff also charges that Defendant Mingo, who assisted in the drug testing, "conspired with other [unspecified] correctional officers to deprive Plaintiff of the opportunity to seek and obtain exculpatory information."

Defendants filed a Motion for Summary Judgment (docket entry #10), followed by a second Motion for Summary Judgment (docket entry #21) in response to Plaintiff's Amended Complaint, urging that Plaintiff's cause of action must be dismissed because he failed to exhaust his administrative remedies. For the reasons set forth, the undersigned recommends that Defendants' Motions for Summary Judgment be granted, and Plaintiff's cause of action dismissed with prejudice.

## I.  Factual Background

On June 22, 2005, Plaintiff submitted to a urine screen for the detection of illegal drugs. The screen returned a positive reading for cocaine, and Plaintiff was cited for a disciplinary violation for this offense. On July 11, 2005, Plaintiff appeared before Defendant Blankenship, the disciplinary hearing officer, and was convicted of the offense over his arguments that some unspecified medications he was taking had produced a "false positive" result. Plaintiff was sentenced to thirty days' punitive isolation without privileges, and the loss of contact visitation for one year.

Plaintiff appealed the conviction, which was affirmed by Defendant Harris. He then appealed to Disciplinary Hearing Administrator James Gibson, not a named Defendant, and that appeal was denied as well, on July 20, 2005. Plaintiff was notified in that denial that he could further appeal that decision to Director Larry Norris, and he did so, but not until August 17, 2005. *See* Exhibit 5, Docket Entry #23. Plaintiff filed his original Complaint on July 19, 2005. According to an Affidavit executed by Director Norris's secretary, Cyndi Vent, on August 23, 2005, Norris had not yet

rendered a final decision with regard to Plaintiff's disciplinary appeal. According to documentation provided by the Plaintiff (Exh. 3 to Plaintiff's Response to Summary Judgment Motion, docket entry #24), Director Norris denied his appeal on August 24, 2005.

## II.  Analysis

### A.  Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B.  Exhaustion of Administrative Remedies

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, prisoners must provide proof of complete exhaustion for <u>each</u> <u>claim</u> joined in a single action. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) and the process must be fully completed prior to filing suit. *Johnson v. Jones*, 218

F. 3d 624, 628 (8th Cir. 2003).  If administrative remedies are available, the prisoner must exhaust them, regardless of his subjective beliefs about their availability.  *Chelette v. Harris*, 229 F. 3d 684, 688 (8th Cir. 2000), *cert. denied* 531 U.S. 1156 (2001).

The PLRA provides that: "No action shall be brought with respect to prison conditions under [section 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eighth Circuit has held that plaintiffs in § 1983 actions must prove complete exhaustion of all administrative remedies **prior** to filing suit.  *Johnson v. Jones,* 340 F.3d 624 (8th Cir. 2003).  Plaintiffs are required to attach copies of available administrative dispositions, *Carter v. Woodbury County Jail*, No. C01-4056-PAZ, 2003 WL 1342934 (N.D. Iowa 2003) (slip opinion)(citing *Brown v. Toombs*, 139 F. 3d 1102, 1004 (6th Cir. 1998), and must place a complete record before the court.  *Rivers-Frison v. Southeast Missouri Comm. Treatment Ctr.*, 133 F. 3d 616, 619, n. 2 (8th Cir. 1998).  Furthermore, prisoners must provide proof of *complete* exhaustion for *each claim* joined in a single action, *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000), and the process must be ***fully completed prior to filing suit***.  *Johnson v. Jones*, *supra*.

Clearly, Defendants are correct that Plaintiff has failed to fully exhaust the administrative remedies procedure involved in the appeal of a disciplinary conviction.  Accordingly, the Court recommends that Plaintiff's cause of action be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1)   Defendants' Motions for Summary Judgment (docket entries #10 and #21) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE.

2) The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this __27__ day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE